# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **JOHNNY BLASH,**  *Plaintiff,*  v.  **CITY OF HAWKINSVILLE & PULASKI COUNTY, GEORGIA SHERIFF'S OFFICE,** *et al.,*  *Defendants.* | **CIVIL ACTION NO. 5:17-cv-00380-TES** |

## ORDER GRANTING DEFENDANT BILLY CAPE'S MOTION TO TAKE JUDICIAL NOTICE OF COURT RECORDS FROM THE PULASKI COUNTY SUPERIOR COURT

Before the Court for consideration is Defendant Billy Cape's Motion to Take Judicial Notice of Court Records from the Pulaski County Superior Court [Doc. 16]. After consideration of Defendant's motion and for the reasons set forth below, Defendant's motion [Doc. 16] is **GRANTED**.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff's Complaint [Doc. 1] states that the District Attorney for the Oconee Judicial Circuit presented Plaintiff Johnny Blash's conduct to the Pulaski County Grand Jury. [Doc. 1, at ¶ 37]. The grand jury returned an indictment against Mr. Blash (Indictment No. 2015R-11768) on September 14, 2017; however, on September 18, 2017, the Assistant District Attorney for the Superior Court of Pulaski County sought to dismiss

the indictment. [*Id*. at ¶¶ 39, 40, 41]. Upon said motion, the court "nol prossed" the indictment. [*Id*. at ¶ 41].

On October 6, 2017, Plaintiff filed the above-mentioned Complaint [Doc. 1], which articulates unlawful termination and racial harassment claims. *See generally*, [Doc. 1]. After Defendants filed their various individual motions to dismiss [Docs. 10, 11, 12, 13] on January 18, 2018; Defendant Cape, on January 29, 2018, filed the instant motion [Doc. 16] in connection with his individual motion to dismiss [Doc. 11]. Defendant Cape states that the purpose of his motion is to seek judicial notice of the grounds underlying Plaintiff's indictment and contends that the "Complaint [Doc. 1] alleges that the indictment and [Plaintiff's] termination are inextricably intertwined." [Doc. 16, at 2].

On April 5, 2018, Mr. Blash filed four Responses [Docs. 26[1], 27, 28, 29]. Even though the Court gave three extensions of time,[2] these filings were *only* in response to the various

---

[1] As to Plaintiff's first Response [Doc. 26], he received a Notice of Deficiency given that his Response to Defendant Danny Brannen's Motion to Dismiss [Doc. 10] exceeded the page limit allowed by this Court's Local Rule 7.4. In responding to the Notice of Deficiency, Mr. Blash, on April 12, 2018, moved the Court to for Leave to File a Revised Memorandum of Law. [Doc. 31]. Contemporaneously with Plaintiff's motion for leave, he filed his revised Memorandum of Law [Doc. 30]. The Court granted the requested leave in an Order dated April 13, 2018 [Doc. 32].

[2] On February 6, 2018, Plaintiff filed a motion seeking an extension of time to file his responses to the various motions [Docs. 10, 11, 12, 13, 16]. [Doc. 17]. In Defendants' Response [Doc. 19] to Plaintiff's Motion for Extension of Time to File Response [Doc. 17], Defendants did not raise any objection to the Court granting an extension of time. [Doc. 19, at 2]. Accordingly, on March 1, 2018, the Court granted Plaintiff's Motion for Extension of Time [Doc. 17] and ordered a deadline of March 19, 2018, by which Plaintiff must file his responses to each of Defendants' various motions [Doc. 10, 11, 12, 13, 16]. *See* [Doc. 20]. Subsequently, on March 15, 2018, the Parties filed a Consent Motion for Extension of Time to File Response [Doc. 22]. The Parties based this consent motion on an extended illness of Plaintiff's counsel. [Doc. 22]. Then, on March 26, 2018, the Court granted a second extension of time for Plaintiff to respond to Defendants' various motions [Docs. 10, 11, 12, 13, 16]. [Doc. 23]. While the "text-only" order [Doc. 23] entered by the Court, on the Court's electronic case management system, failed to include a deadline by which Plaintiff must file his

individual Defendants' motions to dismiss [Docs. 10, 11, 12, 13]. Plaintiff did not file any response to Defendant Cape's Motion to Take Judicial Notice of Court Records from the Pulaski County Superior Court [Doc. 16].[3]

## **APPLICABLE LAW**

"The [C]ourt may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Rule 201 further states that "a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed." *See* Fed. R. Evid. 201(e). However, it appears Plaintiff never indicated an objection or a desire to be heard on the issue of judicial notice although given many changes to do so. Therefore, despite Plaintiff's failure to file a response to Defendant Cape's Motion to Take Judicial Notice [Doc. 16], the Court takes judicial notice of the Pulaski County Superior Court indictment pertaining to Plaintiff's current litigation because it "can be accurately

---

responses, the motion itself, to which the Court responded, included a filing deadline of March 29, 2018. [Doc. 22, at 4]. The following day, on March 27, 2018, the Parties filed another Consent Motion for Extension of Time to File Response [Doc. 24] as to Defendants' various motions [Docs. 10, 11, 12, 13, 16]. This motion recognizes the Court's lastest Order [Doc. 23] granting of an extension of time on March 26, 2018. [Doc. 24, at ¶ 9]. Nevertheless, on March 28, 2018, the Court granted a third extension of time for Plaintiff to file his responses to Defendants' various motions [Doc. 10, 11, 12, 13, 16]. [Doc. 25]. Pursuant to the Parties' second Consent Motion [Doc. 24], the Court, in its Order [Doc. 25], set a Response deadline of April 5, 2018, and a Reply deadline of April 19, 2018. [Doc. 25].

[3] On April 19, 2018, the Clerk of Court terminated the deadlines by which Plaintiff must file his Response to Defendant Cape's Motion to Take Judicial Notice of Court Records from the Pulaski County Superior Court [Doc. 16].

3

and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b)(2). *See also Redner v. Citrus County, Florida*, 919 F.2d 646, 657 n.14 (11th Cir. 1990) (stating that a court may take judicial notice of a state court proceeding); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that the most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.") (internal quotations and citations omitted); *Davis v. Richland County*, No. 4:12-CV-3429-RMG-TER, 2013 WL 5797739, at *2 n.1 (D.S.C. Oct. 24, 2013) (taking judicial notice of state court records concerning the plaintiff's arrest and indictment, which were maintained by the state court). *See also Odion v. Google Inc.*, 628 F. App'x 635, 638 (11th Cir. 2015) (noting that the district court could have taken judicial notice of state court records).

## CONCLUSION

In light of Federal Rule of Evidence 201 and the above-listed cases, the Court takes judicial notice that the Grand Jury of Pulaski County, Georgia, returned a two-count indictment against Johnny Blash. [Doc. 11-1, at 1]. The Court also takes judicial notice that "[o]n motion of the District Attorney after examination in open court, it [was] ordered that a NOLLE PROSEQUI be entered" as to Indictment No. 2015R-11768. [*Id*. at 4].

Therefore, the Court **GRANTS**[4] Defendant Cape's Motion to Take Judicial Notice of Court Records from the Pulaski County Superior Court [Doc. 16].

**SO ORDERED**, this 16th day of May, 2018.

<u>**S/ Tilman E. Self, III**</u>
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[4] The Court grants the motion for the limited purpose that the indictment exists, as filed, in the records maintained by the Pulaski County Clerk of Superior Court. The Court does not take judicial notice of the truth of the indictment purporting that Plaintiff actually engaged in the underlying conduct leading to the indictment.