# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **JOHNNY BLASH,**<br><br>*Plaintiff*,<br><br>v.<br><br>**CITY OF HAWKINSVILLE AND PULASKI COUNTY, GEORGIA SHERIFF'S OFFICE; HAWKINSVILLE-PULASKI COUNTY, GEORGIA; BILLY W. CAPE; and DANNY BRANNEN,**<br><br>*Defendants*. | **CIVIL ACTION NO.**<br>**5:17-cv-00380-TES** |

## ORDER DENYING DEFENDANT BILLY CAPE'S
## MOTION FOR RECONSIDERATION

Before the Court is Defendant Billy Cape's Motion for Reconsideration [Doc. 38] of the Court's Order [Doc. 37] partially granting Defendant Cape's Motion to Dismiss [Doc. 11]. In that Order, the Court granted dismissal except as to Plaintiff's Count 3, a claim for race discrimination via 42 U.S.C. §§ 1981 and 1983 asserted against Defendant Cape in his individual capacity. *See* [Doc. 37, at 25, 27]; *see also* [Doc. 1, at 14]. Defendant Cape seeks reconsideration of the Court's purported failure to fully dismiss the claims against him. After conducting a telephone conference with the parties' counsel, and after another close examination of the record, the parties' briefs, and the relevant legal authorities, the Court denies Defendant Cape's Motion for Reconsideration [Doc. 38].

## MOTION FOR RECONSIDERATION STANDARD OF REVIEW

Pursuant to local rules, "[m]otions for reconsideration shall not be filed as a matter of routine practice." LR 7.6, MDGa. Accordingly, such motions are appropriate only if Plaintiff demonstrates that "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." *Bryant v. Walker*, No. 5:10-CV-84, 2010 WL 2687590, at *1 (M.D. Ga. July 1, 2010) (quoting *Wallace v. Ga. Dep't of Transp.*, No. 7:04-cv-78, 2006 WL 1582409, at *2 (M.D. Ga. June 6, 2006)). Evidently, Defendant Cape contends that the "third factor is present in this matter." [Doc. 38, at 4].

## DISCUSSION

In his Motion to Dismiss [Doc. 11], Defendant Cape makes the blanket assertion that he is entitled to qualified immunity. *See* [Doc. 11, at 8-11]. To that end, the Court ruled, after considering the record before it and the arguments presented at the motion-to-dismiss stage, that Plaintiff's race discrimination claim in Count 3 shows some entitlement to relief, "albeit barely." [Doc. 37, at 23-24]. Defendant Cape's Motion to Dismiss [Doc. 11] is conventional in the sense that it presents the usual standard of review centered around Federal Rule of Civil Procedure 12(b)(6)'s failure to state a claim and the well-known pleading mandates under *Twombly* and *Iqbal*. [Doc. 11, at 2-3]. While these standards are more akin to Defendant Cape's substantive arguments for dismissal of

Count 4 (Racial Harassment, 42 U.S.C. § 1981) and not Count 3, Defendant Cape asserts that Plaintiff's claim of race discrimination should be dismissed through the avenue of qualified immunity rather than the traditional failure-to-state-a-claim avenue. *See* [Doc. 1, at 13-14].

Defendant Cape is correct that higher courts "have stressed" to district courts "the importance of resolving immunity questions at the earliest possible stage of litigation." *Pace v. Capobianco*, 283 F.3d 1275, 1284 (11th Cir. 2002); *see also* [Doc. 38, at 4 (citing *Marshall Cty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993))]. "Qualified immunity offers *complete protection* for government officials sued in their individual capacities if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable[1] person would have known." *Hollant v. City of North Miami*, 17-24197-Civ-Scola, 2018 WL 3448096, at *5 (S.D. Fla. July 17, 2018) (quoting *Kingsland v. City of Miami*, 382 F.3d 1220, 1231 (11th Cir. 2004) (emphasis added)). However, a defendant is only entitled to a pre-trial dismissal on the basis of qualified immunity "when the plaintiff has failed to *allege* a violation of a clearly established right." *Andreu v. Sapp*, 919 F.2d 637, 639 (11th Cir. 1990) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)) (emphasis in original). Thus, "it is the *plaintiff's allegations* that determine whether the defendant is entitled to immunity because (as with all motions for judgment on the

---

[1] "This objective-reasonableness test provides qualified immunity protection to 'all but the plainly incompetent or those who knowingly violate the law.'" *Kirkland v. Mosaic Fertilizer, LLC*, No. 8:14-CV-1715, 2015 WL 4042100, at *2 (M.D. Fla. July 1, 2015) (quoting *Montoute v. Carr*, 114 F.3d 181, 184 (11th Cir. 1997)).

complaint or pleadings) the plaintiff's factual allegations are taken as true." *Andreu*, 919 F.2d at 639 (emphasis added); Fed. R. Civ. P. 12(b). If there is no allegation[2] of a violation of a clearly established right "the defendant may be entitled to dismissal even before discovery [unless] 'substantial factual development' is necessary before the court can identify the set of facts implicating a clearly established right that the defendant has allegedly violated." *Andreu*, 919 F.2d at 639 (internal citation omitted). If factual development is necessary, "the district court should defer ruling on the qualified immunity issue." *Id.* Even once the Court defers ruling on qualified immunity, qualified immunity will be denied if there remain genuine issues of material fact. *See Travers v. Jones*, 323 F.3d 1294, 1296 (11th Cir. 2003).

Defendant Cape correctly represents that once a government official proves that he was engaged in a "discretionary duty"[3] the burden shifts[4] to Plaintiff "to establish the inapplicability of qualified immunity." *Mercado v. City of Orlando*, 407 F.3d 1152, 1156 (11th Cir. 2005); [Doc. 38, at 2]. However, "when there are issues of fact, such as these,

---

[2] In this case, Plaintiff's allegation appears to be that Defendant Cape "violated Plaintiff's clearly established federal right to be free from race discrimination and to work in a racially neutral workplace." [Doc. 27, at 14].

[3] The parties do not dispute that Defendant Cape acted within his discretionary authority regarding his decision to terminate Plaintiff. *See* [Doc. 1, at ¶¶ 13, 31].

[4] *See Youmans v. Gagnon*, 626 F.3d 557, 562 (11th Cir. 2010); *see also* [Docs. 11, at 8; 38, at 3 (citing *Rushing v. Parker*, 599 F.3d 1263, 1265-66 (11th Cir. 2010) ("In order to defeat the government official's qualified immunity defense, the plaintiff must prove that (1) the official violated h[is] federal constitutional or statutory rights, and (2) that those rights were clearly established at the time the officer acted.") (internal quotations omitted))].

4

qualified immunity must be denied because the court, at this stage of the proceedings, must view the facts most favorable to the plaintiff." *Travers*, 323 F.3d at 1296.

Under Plaintiff's version of the facts, Defendant Cape's failure to undertake an independent investigation regarding Plaintiff's alleged criminal actions, by extension, ultimately led to Plaintiff's discharge *because* of his race. *See* [Doc. 1, at ¶¶ 7, 23-27, 43]. If Plaintiff proves that Defendant Cape fired him *because* he is black, then he can easily show a clear constitutional violation. However, Defendant Cape contends that Plaintiff cannot allege a violation of a clearly established right because "it was not clearly established that former Sheriff Cape could be held liable for terminating a Deputy Sheriff accused of interfering with a federal criminal investigation eight (8) days before his termination." However, this ignores Plaintiff's main contention—and the version of allegations that the Court must accept as true—that Defendant Cape fired him because of his race.

Defendant Cape characterized his own qualified immunity arguments in support of the dismissal of Count 3 as "discrete." [Doc. 38, at 2]. Due to the narrow focus of the Court's inquiry, mandated by the requirement to accept Plaintiff's allegation as true, the Court cannot—at this early stage—grant qualified immunity. Given Defendant Cape's mere recitation of qualified immunity law, and accepting Plaintiff's allegations as true, the record does not demand that Defendant Cape's decision to terminate was "indisputably motived by lawful considerations." [Doc. 38, at 2]; *see also* [Doc. 11, at 9 (citing *Rioux v. City of Atlanta*, 520 F.3d 1269, 1283 (11th Cir. 2008); *Foy v. Holston*, 94 F.3d

5

1528, 1534 (11th Cir. 1996))]. While, as Defendant Cape contends, "an adequate lawful motive [may have been] present" in his decision to terminate Plaintiff, it must be "*undisputed* that the employment action was motivated, at least in part, by lawful considerations." [Doc. 11, at 9 (emphasis added) (citing *Rioux*, 520 F.3d at 1283)]. However, where [the lawful motive] is disputed, the case retains the possibility of being a pretext case—objectively valid reasons for termination exist but did not motivate the termination." *Pattee v. Georgia Ports Auth.*, 477 F. Supp. 2d 1253, 1267 (S.D. Ga. 2006) (citing *Stanley v. City of Dalton*, 219 F.3d 1280, 1296 (11th Cir. 2000)).

## CONCLUSION

Again, accepting Plaintiff's complaint as true, it is clear that the Court may not grant Defendant Cape qualified immunity at this time. After the discovery period, the Defendant may make a motion for summary judgment and the Court will consider the issue at that time based upon more developed record. Accordingly, the Court **DENIES** Defendant Cape's Motion for Reconsideration [Doc. 38].

**SO ORDERED**, this 29th day of August, 2018.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**