IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOHNNY BLASH,<br><br>*Plaintiff,*<br><br>v.<br><br>BILLY W. CAPE in his individual capacity and DANNY BRANNEN in his official capacity as Pulaski County Sheriff,<br><br>*Defendants.* | CIVIL ACTION NO.<br>5:17-cv-00380-TES |

**ORDER GRANTING IN PART
PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Before the Court for consideration is Plaintiff Johnny Blash's Motion to Amend Complaint [Doc. 52]. In his motion, he seeks leave to amend his pleading to correct certain misnomers in light of the Court's Order [Doc. 37] filed on June 27, 2018. For the reasons stated below, the Court **GRANTS IN PART** Plaintiff's Motion to Amend Complaint [Doc. 52].

At the outset, the Court notes that the two remaining Defendants, Billy Cape and Danny Brannen, "do not object to Plaintiff filing an Amended Complaint that conforms with this [C]ourt's previous Order . . . and Rule 8 of the Federal Rules of Civil Procedure." [Doc. 54 at p. 4 (internal record citation omitted)]. However, Defendants do raise certain objections to the Proposed Amended Complaint [Doc. 52-2] as submitted in Plaintiff's

attachment to his motion. *See generally* [Doc. 54].

## A.   Plaintiff's Improper References to Hawkinsville-Pulaski County

As an initial matter, Plaintiff's Proposed Amended Complaint, as Defendants note, still states that Defendant Cape "was the Hawkinsville-Pulaski County Sheriff." [Doc. 52-2 at ¶ 2]. While it is evident that Plaintiff understands "the proposed merger of Hawkinsville and Pulaski County was not approved by the voters" because he made the appropriate alteration regarding the correct name of Defendant Brannen "as Pulaski County Sheriff," he neglected to make the same alteration for Defendant Cape. [Docs. 52-1 at p. 1; 37 at p. 2, n.2]; *compare* [Doc. 52-2 at ¶ 2] *with* [Doc. 52-2 at ¶ 3]. Even though this oversight could prove to be relatively minor, it warrants correction if the Court is going to permit an amended pleading at this stage in the litigation.

## B.   Plaintiff's Assertion of Claims Against Defendant Brannen in His Individual Capacity

Most notably, the Court disagrees with Plaintiff's representation that his Proposed Amended Complaint "[i]n all other respects . . . complies with the Court's [ ] Order." [Doc. 52-1 at p. 1]. First, the caption of Plaintiff's Proposed Amended Complaint states that Defendant Brannen is sued "Individually and in his Official Capacity as Sheriff, Pulaski County, Georgia[.]" [Doc. 52-2 at p. 1]. However, the Court's previous Order dismissed all counts asserted against Defendant Brannen in his individual capacity. [Doc. 37 at pp. 12, 14, 21]. Consequently, Plaintiff could only assert claims against Defendant Brannen in his *official capacity* (given that Defendant Brannen now holds the position of

2

Sheriff) under 42 U.S.C. § 2000e *et seq.* ("Title VII") and 42 U.S.C. § 1981 (§ 1983) with respect to his race discrimination claim regarding his termination of employment. Portions of Plaintiff's Proposed Amended Complaint that attempt in any way to sue Defendant Brannen in his individual capacity are in error and must be corrected. *See* [Doc. 52-2 at pp. 1-2].

### C. Defendants' Contention That Plaintiff's Allegations Regarding Certain Racially-Charged Statements Should Be Stricken

Lastly, Defendants point out that certain paragraphs, namely paragraphs 14-20, should be stricken from Plaintiff's Proposed Amended Complaint. [Doc. 54 at p. 3]; *see also* [Doc. 52-2 at ¶¶ 14-20]. In these paragraphs, Plaintiff presents facts relating to his alleged racial harassment (hostile work environment) claims. The Court dismissed these claims against both Defendants because then-Captain Brannen's alleged conduct was too infrequent to withstand dismissal under a totality-of-the-circumstances standard, and as such, his alleged unlawful conduct could not have been tolerated by former-Sheriff Cape.[1] *See* [Doc. 37 at pp. 14-21, 25-26]. Thus, any reliance, by Plaintiff, on the four racially-charged statements discussed in the Court's previous Order [Doc. 37 at pp. 3, 18] as to a *hostile work environment claim* would be inappropriate given that claim's dismissal.

---

[1] Given the inadequacy of Plaintiff's § 1981 (§ 1983) racial harassment (hostile work environment) claims, if former-Sheriff Cape could not be held liable for such claims in his official capacity, it follows that Defendant Brannen could not be held liable in his official capacity, as the current sheriff and/or as captain or Plaintiff's co-worker for the actions he (Defendant Brannen) allegedly committed as outlined in paragraphs 15-21 of Plaintiff's initial Complaint [Doc. 1] or paragraphs 14-20 of his Proposed Amended Complaint [Doc. 52-2].

3

*See* n.6, *infra*. However, at this stage in the litigation, Plaintiff is entitled to plead whatever factual allegations he deems relevant or necessary to support his claims. Whether Plaintiff would be permitted to present those four statements and the circumstances surrounding them to a jury—given the Court's dismissal of his racial harassment (hostile work environment) claims—is a completely different issue.

In his Memorandum of Law in Support of Motion to Amend the Complaint, Plaintiff states that

> [t]his proposed Amended Complaint is filed in compliance with the Court's Order on Defendant[s'] Motion to Dismiss . . . with reservation of rights regarding any subsequent appeal of that Order of any subsequent motion that might be made regarding that Order pursuant to any applicable statute, rule[,] or case law.

[Doc. 52-1 at pp. 1-2, n.1]. Interestingly, for reasons discussed in greater detail in its previous Order, the Court *denied* Plaintiff's request for "leave to replead," but nevertheless, the Court appreciates Plaintiff's efforts to "clean-up" his pleadings in order to provide succinct clarity, for both the Court and his opposing parties, as to the remaining issue and/or claims in his case.[2] [Doc. 37 at p. 26]; *see also* [Docs. 27 at p. 15; 30 at p. 19].

In its Order, the Court permitted "discovery as to the circumstances surrounding

---

[2] At first glance, it would seem that any distinction between Plaintiff's initial Complaint and his forthcoming amended pleading would be a distinction without a difference given the parties' awareness of the specific claims that are moving forward against Defendants and the factual allegations surrounding those claims. However, the Court can see the benefit of Plaintiff's amended pleading only if to have a clean slate to work from through the remainder of the case.

4

[Plaintiff's] termination" regarding the "adverse employment action when compared to other white deputies." [Doc. 37 at p. 25]. This ruling, in light of the presented qualified immunity arguments in his Motion to Dismiss [Doc. 11], prompted Defendant Cape's filing of a Motion for Reconsideration [Doc. 38], which the Court denied on August 29, 2018. Given that neither party timely sought interlocutory review of the Court's Order, Plaintiff is constrained to replead his complaint in strict conformity with the remaining claims as discussed in that Order and reiterated herein. *See* Fed. R. App. P. 5(a) *in connection with* 4(a)(1)(A); *see also Cottone v. Jenne*, 326 F.3d 1352, 1357 n.5 (11th Cir. 2003) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)) ("The denial of qualified immunity on a motion to dismiss is an appealable interlocutory order.").

The core of this case now presents one clear and narrow issue: whether Defendant Cape's decision, as the former Sheriff, to terminate Plaintiff without an investigation gives rise to a § 1981 (§ 1983) race discrimination claim. As an explanatory matter, this claim, if proven, would impute not only individual liability to Defendant Cape, but also official-capacity liability to Defendant Brannen under Title VII and § 1981 (§ 1983), given that he succeeded Defendant Cape as the Pulaski County Sheriff.[3]

In essence, as Plaintiff correctly proposes, his only remaining claims, regardless of

---

[3] Defendant Brannen did not seek dismissal of Counts 1 and 3 of Plaintiff's initial Complaint. Therefore, Plaintiff's Title VII and § 1981 (§ 1983) claims of race discrimination asserted against Defendant Brannen in his official capacity were not dismissed in the Court's previous Order. [Doc. 37 at pp. 22-23].

how he elects to structure them in his amended pleading, are (1) a § 1981 (§ 1983) race discrimination claim asserted against Defendant Cape in his individual capacity and (2) claims for race discrimination under Title VII and § 1981 (§ 1983) asserted against Defendant Brannen in his official capacity as the current Pulaski County Sheriff. Based on the foregoing, it is clear that Plaintiff's fallacies in the instant Motion to Amend Complaint must be corrected. Therefore, the Court **GRANTS IN PART**[4] Plaintiff's Motion to Amend Complaint [Doc. 52].

While the Court will not accept the current Proposed Amended Complaint as submitted, Plaintiff, in consideration of Federal Rule of Civil Procedure 15(a)'s lenient standard and Defendants' consent, will be afforded one final opportunity to recast his complaint to assert claims in conformity with the Court's rulings.

**IT IS HEREBY ORDERED** that Plaintiff must file his renewed Motion to Amend Complaint within 14 days of the date of this Order. The filing of this renewed Motion to Amend is contingent on Plaintiff's careful review of the contents of this Order, Federal Rule of Civil Procedure 8, and the Eleventh Circuit's recent decision *Jackson v. Bank of America, N.A.*, 898 F.3d 1348 (11th Cir. 2018). Plaintiff's amended pleading is limited to the claims previously discussed.[5] Any attempt to recast or add, once again, claims that

---

[4] The Court's Scheduling and Discovery Order [Doc. 49] filed on August 29, 2018, shall remain unaffected.

[5] These claims are: (1) a § 1981 (§ 1983) race discrimination claim asserted against Defendant Cape in his individual capacity and (2) claims for race discrimination under Title VII and § 1981 (§ 1983) asserted against Defendant Brannen in his official capacity as the current Pulaski County Sheriff.

have already been dismissed would prove to be futile, and the Court will not permit Plaintiff to file an amended pleading containing such claims.[6]

**IT IS HEREBY FURTHER ORDERED** that Defendants shall file an answer to Plaintiff's Amended Complaint in accordance with Rule 15(a)(3) of the Federal Rules of Civil Procedure.

**SO ORDERED**, this 20th day of December 2018.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[6] A trial court may choose not to allow a party to amend "when the amendment would prejudice the defendant, follows undue delays, or is futile." *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999). A claim is futile if it cannot withstand a motion to dismiss. *Fla. Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1520 (11th Cir. 1996); *see also Burger King Corp. v. Weaver*, 169 F.3d 1310, 1315 (11th Cir. 1999) (futility is another way of saying "inadequacy as a matter of law").