# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| JOHNNY BLASH,<br><br>*Plaintiff*,<br><br>v.<br><br>**CITY OF HAWKINSVILLE AND PULASKI COUNTY, GEORGIA SHERIFF'S OFFICE; HAWKINSVILLE-PULASKI COUNTY, GEORGIA; BILLY W. CAPE; and DANNY BRANNEN;**<br><br>*Defendants*. | **CIVIL ACTION NO.**<br>**5:17-cv-00380-TES** |

## ORDER

In the midst of culling through the voluminous materials related to Defendants' Motion for Summary Judgment [Doc. 64], the Court discovered that "Billy Cape is now deceased." [Doc. 73-1 at p. 6]. Prior to this single sentence, neither party had informed the Court of Sheriff Cape's death.

In this lawsuit, the sole claim against Defendant Cape is a claim for race discrimination, in his individual capacity, under § 1981. *See Blash v. City of Hawkinsville*, No. 5:17-cv-00380-TES, 2018 WL 3150346 (M.D. Ga. June 27, 2018). The Court realizes that Plaintiff has filed a Motion for Reconsideration [Doc. 76] of that decision, and this Order is not intended to give any inclination as to the Court's forthcoming decision on that motion.

"[Individual]-capacity suits" like the one asserted against Defendant Cape here "seek to impose personal liability upon a government official for actions he takes under color of state law" and any award of damages against this official in his individual capacity "can be executed only against the official's personal assets." *Halliburton v. Liberty Cty. Sch. Dist.*, No. CV414-179, 2019 WL 3294190, at *8 (S.D. Ga. July 22, 2019) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). "Should the official die pending final resolution of a[n] [individual]-capacity action, [a] plaintiff would have to pursue his action against the decedent's estate." *Graham*, 473 U.S. at 166 n.11.

Despite the informal mention of Defendant Cape's death in the record before the Court, neither party has made any attempt to comply with Federal Rule of Civil Procedure 25, which provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). However, in order trigger the 90-day period, two steps must be taken: (1) "a party must formally suggest the death on the record" and (2) "the party that filed the suggestion must serve nonparty successors or representatives of the decedent with the suggestion of death, consistent with Federal Rule of Civil Procedure 4." *Halliburton*, 2019 WL 3294190, at *8; *see also McGuinnes v. Novartis Pharm. Corp.*, 289

F.R.D. 360, 362 (M.D. Fla. Feb. 4, 2013) (citing *Escareno v. Carl Nolte Sohne GmbH & Co.*, 77 F.3d 407, 411 (11th Cir. 1996)).

The parties must take the proper steps pursuant to Federal Rule of Civil Procedure 25 to effectuate substitution. However, the Court advises the parties that it will not tolerate a lengthy delay in either the service of the suggestion of death or the filing of a motion for substitution. Should the parties unreasonably delay in complying with Rule 25, the Court will dismiss the claim against Defendant Cape.

**SO ORDERED**, this 7th day of August, 2019.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
