# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| JOHNNY BLASH,<br><br>*Plaintiff*,<br><br>v.<br><br>CITY OF HAWKINSVILLE AND PULASKI COUNTY, GEORGIA, SHERIFF'S OFFICE; HAWKINSVILLE-PULASKI COUNTY; BILLY W. CAPE; and DANNY BRANNEN,<br><br>*Defendants*. | CIVIL ACTION NO.<br>5:17-cv-00380-TES |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Unlike the Court's Order on Defendants' Motion for Summary Judgment, a long, detailed factual background laying out the facts of this case is unnecessary. However, to provide at least some framework, Plaintiff Johnny Blash sued the above-named Defendants on claims for race discrimination under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983 after former-Sheriff and Defendant Billy W. Cape fired him on December 1, 2014. While the underlying, case-specific facts are not essential to *this* Order, a detailed discussion of this case's procedural history since its inception, most certainly is. Before ruling on Defendant Cape and Defendant Danny Brannen's Motion for Summary Judgment [Doc. 64], the Court must first consider Blash's Motion for

Reconsideration [Doc. 76], because if granted, it would necessarily re-open discovery and force Defendants to completely revamp their dispositive motion.

To begin, Blash labeled his motion as a "Motion for Reconsideration," but for some unknown reason, he also claims he filed it pursuant to Federal Rule of Civil Procedure 60(b). Notwithstanding this initial procedural confusion, what is clear is that Blash wants the Court to reinstate two previously-dismissed claims: his Title VII race-discrimination claim against Pulaski County and his individual-capacity claim against Defendant Brannen under Section 1983. [Doc. 76-1 at p. 4]; *see also* [Doc. 37 at pp. 8–21]. To refresh, Count 1 of Blash's original Complaint asserted a race-discrimination claim via 42 U.S.C. § 2000e *et seq.* ("Title VII") against all Defendants, including Pulaski County, and Count 3 asserted a race-discrimination claim under 42 U.S.C. § 1983 against Defendant Brannen in both his official and individual capacities, as well as the other Defendants. [Doc. 1 at pp. 13–14 (asserting claims under "42 U.S.C. § 1981")].[1] Because Defendant Brannen did not move for dismissal of either Count 1 or Count 3 of Blash's original Complaint, the race discrimination claims brought under Title VII and Section 1983 against Defendant Brannen in his official capacity survived the Court's previous order on Defendants' dismissal motions. [Doc. 37 at pp. 22–23].

---

[1] *See* [Doc. 37 at p. 1, n.1 (first citing *Busby v. City of Orlando*, 931 F.2d 764, 771 n.6 (11th Cir. 1991) and then citing *Butts v. Cty. of Volusia*, 222 F.3d 891, 894 (11th Cir. 2000) (explaining that Blash's "[Section] 1981 claims may only be brought pursuant [Section] 1983" when the alleged violator acted under the color of state law))].

Essentially, Blash wants to use Rule 60(b)(2), a post-judgment remedy, to challenge a pretrial Rule 12(b)(6)-based dismissal of his race discrimination claims. As bases for his Motion, Blash contends that the Court's previous order dismissing the two aforementioned claims is both legally and factually erroneous in light of the evidence uncovered during discovery; namely that the Pulaski County Sheriff's Office[2] and Pulaski County were Blash's joint employers, that "Brannen is racist," and that notwithstanding his lower position as captain, Defendant Brannen "wielded extraordinary influence over . . . Cape." [Doc. 76 at pp. 1–2].

A. **Standard of Review**

A motion for reconsideration is not a form of relief explicitly conferred by the Federal Rules of Civil Procedure. Although not specifically mentioned in the Federal Rules, motions seeking to have a district court "reconsider" an earlier ruling are usually governed by Rule 59. Specifically, Rule 59(e) authorizes a motion to alter or amend a judgment after its entry, and reconsideration is only proper if the movant can demonstrate that: (1) there has been an intervening change in the law, (2) new evidence

---

[2] In a federal court, the capacity of an entity to be sued is determined by the law of the state where the court is located. *See* Fed. R. Civ. P. 17(b)(3). The State of Georgia recognizes only three classes as legal entities capable of suing or being sued: (1) natural persons; (2) corporations; and (3) quasi-artificial persons that the law recognizes as being capable of bringing suit. *Lawrence v. W. Publ'g Corp.*, No. 1:15-CV-3341-MHC, 2016 WL 4257741, at *7 (N.D. Ga. June 17, 2016) (citing *Ga. Insurers Insolvency Pool v. Elbert Cty.*, 368 S.E.2d 500, 502 (Ga. 1988)). The Eleventh Circuit has considered this precise issue, and it ruled that "[s]heriff's departments and police departments are not usually considered legal entities subject to suit" under Georgia law and therefore may not be properly sued as a party in federal court. *Lawal v. Fowler*, 196 F. App'x 765, 768 (11th Cir. 2006); *accord Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (stating that "[s]heriff's departments . . . are not usually considered legal entities subject to suit").

3

has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice. *See* Fed. R. Civ. P. 59(e); *see also Bell v. Houston Cty.*, No. 5:04-cv-390 (HL), 2007 WL 4146205, at *2 (M.D. Ga. Nov. 19, 2007). "Reconsideration of a prior order is an extraordinary remedy, and should be employed sparingly." *Bell*, 2007 WL 4142605, at *2 (citing *Am. Assoc. of People with Disabilities v. Hood*, 278 F. Supp. 2d. 1337, 1339–40 (M.D. Fla. 2003)).

The decision whether to alter or amend a judgment pursuant to Rule 59(e) is "committed to the sound discretion of the district judge." *Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000) (citation omitted). "[A] motion for reconsideration does not provide an opportunity to simply reargue an issue the Court has once determined. Court opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Bell*, 2007 WL 4142605, at *2 (quoting *Hood,* 278 F. Supp. 2d at 1340). According to the explicit language of the Rule itself, a motion brought pursuant to Rule 59(e) must be filed no later than 28 days "after the entry of a *judgment*." Fed. R. Civ. P. 59(e) (emphasis added).

Rest assured, the Court is fully aware that Blash has moved under Rule 60 and not Rule 59(e); however, in light of the procedural posture of this case, a discussion on the functionality of and distinctions between these rules seems necessary. In fact, Blash makes no reference to Rule 59, instead he presents several factors the Court may

"consider in ruling on a Rule 60(b) motion[.]" [Doc. 76-1 at p. 3 (citing *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981))]. Reconsideration motions can also be governed by Rule 60, the rule governing relief from final judgments and orders. *See* Fed. R. Civ. P. 60(b). Since these motions are not mentioned by name in the Federal Rules, courts have treated such motions to reconsider as being governed by Rule 59(e) if they are filed within 28 days and governed by Rule 60(b) if filed later. *Bell*, 2007 WL 4142605, at *2 (applying the former ten-day rule) (citing *Mahone v. Ray*, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003)).

A motion seeking relief from an order made under Rule 60(b), however, carries a much more relenting deadline. Rule 60(b) permits a court to relieve a party from a final judgment, order, or proceeding for six reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not previously have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a judgment has been satisfied, released, discharged, reversed, or vacated or that would no longer be equitable to apply; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)–(6). As for the timing of the motion, Rule 60(c) states that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Here, Blash filed his Motion later than 28 days following the entry of the June 27, 2018 Order. [Doc. 76 at p. 2]. Accordingly, Rule 59(e) cannot control. Blash did, however, file his Motion based on Rule 60(b)(2)'s "newly discovered evidence" standard exactly one year later on June 27, 2019, just within the one-year timeframe allotted by Rule 60(c) for 60(b)(2) motions. [*Id.* at pp. 1–2]. Thus, the Court will address his Motion under the Rule 60 framework to determine whether alteration or amendment of its June 27, 2018, ruling is appropriate or even procedurally possible.

For Rule 60(b) purposes, "[a] final judgment . . . is any judgment that is an appealable order." *Bell*, 2007 WL 4142605, at *2 (quoting *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys.*, 803 F.2d 1130, 1131 (11th Cir. 1986). There can be no question that the Court's Order on Defendants' Motions to Dismiss from June 27, 2018, was not a final judgment as contemplated by Rule 60. *See generally* [Doc. 37]. Based on this, Rule 60 is likewise an inappropriate avenue to obtain the sought-after relief, leaving Blash with only one option: routine motions for reconsideration filed under Local Rule 7.6.

Normally, these types of motions must be filed within 14 days after the entry of the order in question and "shall not be filed as a matter of routine practice." LR 7.6, MDGa. They also cannot be used "to offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation." *Adler v. Wallace Computer Servs., Inc.*, 202 F.R.D. 666, 675 (N.D. Ga. 2001); *cf. O'Neal v. Kennamer*,

958 F.2d 1044, 1047 (11th Cir. 1992) (citing *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990)) (explaining that motions to amend or alter a judgment should not be used to raise arguments which could, and should, have been made before the judgment was issued). And finally, motions for reconsideration are not intended to provide an opportunity for the moving party "to instruct the [C]ourt on how [it] 'could have done it better' the first time." *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242 (11th Cir. 1996).

Clearly, Blash labeled his Motion as one under Rule 60(b) due to the one-year filing deadline. While his Motion may have been timely under Rule 60, the substance of his request simply does not match the rule's plain text. Unreservedly stated, his Motion tries to force a square (substantive) peg into a round (procedural) hole, and the Federal Rules are just not meant to operate in this manner. Therefore, any reconsideration sought in this case, given its procedural posture, must have been cast in a routine motion for reconsideration under the Court's Local Rules. However, because Blash filed his Motion 351 days late, it is procedurally flawed and must be **DENIED**.

B. <u>Discussion</u>

The Court also **DENIES** Blash's Motion for Reconsideration for additional substantive reasons. To begin, Blash urges the Court to reconsider its dismissal of his Title VII race discrimination claim against Pulaski County for two reasons: (1) "because the separate legal entity status of Pulaski County and the Pulaski County Sheriff's

7

Office under [O.C.G.A.] § 15-16-23 and the Georgia Constitution is presumptive and not absolute for Title VII 'employer' purposes," and (2) "because the evidence . . . demonstrates that Pulaski County and the Pulaski County Sheriff's Office[3] are joint employers to overcome that presumption." [Doc. 76-1 at p. 4]. What must be understood, is that Blash **_consented_** to the Court's dismissal of both Pulaski County and the Pulaski County Sheriff's Office. *See* [Docs. 13, 29]. Yet, after the discovery period has run, he, via this Motion for Reconsideration, effectively wants the Court to allow him to withdraw his consent and to reconsider its dismissal "based on errors of law," using arguments never before presented to the Court.

To support his Motion and essentially reinsert the two claims at issue back into the case, Blash offers several declarations and points to several cases that he contends would permit their reinstatement. However, Blash unilaterally made several procedural moves that have effectively "boxed in" the Court and robbed it of any procedural mechanism to consider the merits of his arguments. Here's why.

Going back to the very beginning, we see that Blash initiated this lawsuit when he filed his original Complaint on October 6, 2017. [Doc. 1 at p. 15]. In the caption of that original Complaint, he named the City of Hawkinsville & Pulaski County, Georgia,

---

[3] As mentioned in n.2, *supra*, the "Pulaski County Sheriff's Office" is not a legal entity capable of being sued. Accordingly, it is obvious that an entity that is incapable of being sued cannot be Blash's joint employer. This incontrovertible fact is enough to deny any portion of his Motion relating to joint-employer liability under Title VII.

Sheriff's Office; Hawkinsville-Pulaski County, Georgia; Billy Cape; and Danny Brannen, as Defendants. [*Id.* at p. 1]. After the Pulaski County Sheriff's Office and Pulaski County received their respective summons and copy of Blash's Complaint, they moved to dismiss Blash's Complaint in lieu of filing an Answer. [Docs. 12, 13]. The entirety of Blash's Response to the dismissal motion filed by the Pulaski County Sheriff's Office was: "Plaintiff does not oppose the motion to dismiss by Defendant Pulaski County Sheriff's Office, Doc. 12." [Doc. 28 at p. 1]. Likewise, the entirety of his Response to Pulaski County's motion was: "Plaintiff does not oppose the motion to dismiss by Defendant Pulaski County, Doc. 13." [Doc. 29 at p. 1].

For whatever reason, Blash presented no argument, cited no case law, and clearly consented to the dismissal of the Pulaski County Sheriff's Office and Pulaski County as parties to his suit. The Federal Rules of Civil Procedure permit the Court to, at any time and "on just terms," add or drop a party, and there are seemingly no more "just terms" than a plaintiff's consent to a defendant's removal from his own lawsuit. Fed. R. Civ. P. 21. Accordingly, on June 27, 2018, the Court granted, in full, the motions to dismiss filed by the Pulaski County Sheriff's Office and Pulaski County, and they were dropped from the case. [Doc. 37 at pp. 8–11].

Importantly, not only did Blash consent to their dismissal, he then took the affirmative (and certainly unrequired) step of filing an Amended Complaint omitting the Pulaski County Sheriff's Office and Pulaski County as parties, absolutely ensuring

9

no one could ever mistakenly believe they remained in the case. *Compare* [Doc. 1 at p. 1] *with* [Doc. 58 at p. 1].

This is important, because "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation," and "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). Further, "[a]s a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading." *Hollis v. W. Acad. Charter, Inc.*, 782 F. App'x 951 (11th Cir. 2019) (quoting *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982)). "Once [a] district court accepts the amended pleading, 'the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'" *Id.* (quoting *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (per curiam)).

Here, the Court accepted Blash's amended pleading when it granted his Motion to Amend Complaint [Doc. 56], which was for all intents and purposes accompanied by a full memorandum of law in support based on Federal Rule of Civil Procedure 15(a) and *Forman v. Davis*, 371 U.S. 175 (1962) and its progeny. [Docs. 56-1, 57]. After Blash filed his Amended Complaint [Doc. 58], only Billy Cape and Danny Brannen remained as defendants.

The long and short of it is this—Blash made the original Complaint (naming the Pulaski County Sheriff's Office and Pulaski County as defendants) a legal nullity by amending it, and now, the Amended Complaint is unequivocally the operative pleading that controls this case. Therefore, whatever evidence he may have "adduced with the benefit of discovery," in order to add Pulaski County and certain individual-capacity claims against Defendant Brannen back into this lawsuit is simply, by his own doing, procedurally foreclosed. *See*, *e.g.*, [Doc. 58 at p. 13 (asserting a claim for race discrimination under 42 U.S.C. § 1981 "[a]gainst . . . Defendant Danny Brannen in his *official capacity*" only) (emphasis added)].

Essentially, Blash is asking the Court to permit him to amend his Amended Complaint (via a motion for reconsideration) to re-add Pulaski County, a party he consented to drop in the first place, and to cast newly-discovered evidence against Defendant Brannen to resurrect the individual-capacity claims asserted against him under Section 1983. The only way the Court could properly do what Blash seeks would have been for him to seek leave to amend his Amended Complaint under Federal Rules of Civil Procedure 16 and 15(a)(2).[4] Upon a proper showing that leave to amend would

---

[4] The Court entered a Scheduling Order that required any amendments to the pleadings to be filed on or before October 29, 2018. [Doc. 49 at p. 7]. Thus, because Blash missed the amendment deadline set by the Scheduling Order, he would be required to show good cause for his delinquency under Rule 16 and, only if he demonstrated good cause could the Court consider any proposed amendment under Rule 15(a)(2). *Temurian v. Piccolo*, No. 18-CV-62737-SMITH/VALLE, 2019 WL 5102150, at *2 (S.D. Fla. Oct. 11, 2019) (detailing the requirements for amendments to pleadings "after the deadline established in a scheduling order.").

be proper, a second amending pleading could have permitted Blash to re-add these two claims, undertake limited discovery (if necessary), and thereby place his already proffered evidence into the record.

By superseding his original Complaint with his Amended Complaint, Blash removed any averments against Pulaski County; accordingly, there is nothing in the Amended Complaint for the Court to reconsider. Logic dictates that if Blash is going to complain about joint employers, there must be more than one employer in the lawsuit for the Court to consider, and aside from the official-capacity claim asserted against Defendant Brannen as the current sheriff, there are none. *See*, n.2, *supra*.

Simply put, what Blash really wants is for the Court to construe his Motion as one to amend his Amended Complaint, but that is not what he filed or requested. If the Court were to grant his Motion, it would effectively be amending the Amended Complaint to add in new parties and new claims against one of the remaining parties— and this the Court just cannot do. When he amended his original Complaint, Blash removed those parties and any claim that may be connected to them. There is no way to unwind his actions absent a Second Amended Complaint. The end result Blash seeks simply cannot be reached through the procedural vehicle of a motion for reconsideration or a motion to set aside. *See Webster v. Emory Univ. Hosp.*, No. 1:17-CV-3157-SCJ, 2018 WL 6985320, at *1 (N.D. Ga. Nov. 16, 2018) (finding that a plaintiff's

request to add additional defendants and claims was insufficient relief under Rule 60(b)).

**C.  Conclusion**

Based on the foregoing, the Court **DENIES** Blash's Motion for Reconsideration [Doc. 76].

**SO ORDERED**, this 30th day of December, 2019.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**